**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
*Margaret McKenna*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET MCKENNA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIALAMERICA MARKETING, INC.,<br><br>Defendant. | Case No.: '17 CV0690 GPC BGS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT                    1

# INTRODUCTION

1. Plaintiff Margaret McKenna ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant DialAmerica Marketing, Inc. (hereinafter, referred to as "Defendant") in negligently and/or willfully or knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings

on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. *See* 47 U.S.C. §227(b).

6. Defendant continuously conducts business in California. Defendant is also registered in the State of California.

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant placed unlawful calls to Plaintiff in this judicial district.

8. Upon information and belief, Defendant regularly and continuously conducts business in the State of California, and thus, personal jurisdiction is established.

## PARTIES

9. Plaintiff is and was, at all times mentioned herein, is a natural person that resided in the County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation organized under the laws of Delaware, registered to conduct business in the State of California, and is a "person" as defined by 47 U.S.C. § 153 (39).

11. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

12. Defendant is a telemarketing company, which provides domestic call center services for a variety of industries. Defendant offers call center agents to accommodate various companies such as Highlights for Children, Inc. (hereinafter, referred to as "Highlights").

13. Defendant regularly makes autodialed telephone calls to consumers in order to market Highlights.

14. On or about October 25, 2016, Defendant initiated a marketing telephone call from 800-419-8251 to Plaintiff's cellular telephone number ending "5269," using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

15. During Defendant's telephone call to Plaintiff's cellular telephone on or about October 25, 2016, no one was on the line when Plaintiff answered and the call was abandoned, suggesting use of automated equipment to place the calls.

16. According to a job posting on or about April 9, 2015 from a former employee of Defendant, the job duties for Defendant were as follows: "Sat in rows of computers on an automated dialer waiting for calls to come through then proceed to read a script trying to complete a magazine renewal. Managers left you alone for the most part and the job was straight forward and was not overly difficult, Just incredibly repetitive."

17. On information and belief, this indicates an ATDS was used to call Plaintiff.

18. Plaintiff did not provide Defendant or its agent with a "prior express consent" nor written consent to receive calls to her cellular telephone, including those calls by means of an ATDS as prohibited by 47 U.S.C. § 227(b)(1)(A).

19. On or about October 28, 2016, Plaintiff called Defendant back at Defendant's

CLASS ACTION COMPLAINT                              4

number 800-419-8251 for more information as to why Defendant called Plaintiff multiple times and how Defendant obtained her cellular telephone number.

20. During Plaintiff's call with Defendant, prior to any individuals answering Plaintiff's call, an automatic pre-recorded message played stating that all phone calls are being recorded, and only after the automatic message finished playing, Plaintiff was transferred to a live person.

21. Defendant's agent told Plaintiff they were calling on behalf of Highlights for Children magazine and wanted Plaintiff to subscribe again.

22. Plaintiff did not consent to be called on her cellular telephone by Defendant for marketing or any other purpose.

23. Upon information and belief, Defendant's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. Upon information and belief, the telephone equipment used by Defendant to place the calls at issue has the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

25. Defendant did not have written consent to place calls to Plaintiff's cellular telephone for the purpose of marketing Defendant's products or services.

26. Defendant's telemarketing calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

27. Defendant's telemarketing call was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

28. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted

Plaintiff with unwanted telemarketing calls using an ATDS for marketing purposes.

29. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

30. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

31. Plaintiff is informed and believes and here upon alleges, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

32. Through the aforementioned conduct, Defendant or its agent(s) has violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

34. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

36. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones for marketing purposes by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and the Class members were damaged thereby.

37. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a)   Whether, within the four years prior to the filing of this Complaint, Defendant or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or prerecorded voice to any telephone number assigned to a cellular phone service;

  b) Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

  c) Whether Defendant's conduct was knowing and/or willful;

  d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  e) Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

40. As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

42. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

43. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to

present significantly fewer difficulties than those presented in many class claims.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

## NEGLIGENT VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Costs;
- Attorneys' fees pursuant to the common fund doctrine and private attorney general doctrine;
- Prejudgment interest; and
- Any other relief the Court may deem just and proper.

## KNOWING/WILLFUL VIOLATION OF

## THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Costs;
- Attorneys' fees pursuant to the common fund doctrine and private attorney general doctrine;
- Prejudgment interest; and,
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: April 5, 2017

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  s/ ABBAS KAZEROUNIAN
     ABBAS KAZEROUNIAN, ESQ.
     AK@KAZLG.COM
     ATTORNEY FOR PLAINTIFF

<u>Additional Plaintiff's Counsel:</u>

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022